IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) 1:06CV0747 ) CIVIL ACTION NO. |
| v. | ) ) |
| PITT-OHIO EXPRESS, INC., | ) ) JUDGE WELLS ) COMPLAINT ) JURY TRIAL DEMAND ) |
| Defendant. | ) ) |

MAG. JUDGE McHARGH

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 (as amended) and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to Pamela Moher, and a class of females, who were adversely affected by such practices.

The Commission alleges that since on or about September 1, 1997, Defendant has denied Pamela Moher, and a class of females, employment as Truck Drivers and Dockworkers based on their sex, female.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Pitt-Ohio Express, Inc., (the "Employer"), has continuously been a Pennsylvania Corporation doing business in the State of Ohio and the Cities of Cleveland, Columbus, Cincinnati and Toledo and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## COUNT I

## DENIAL OF HIRE OF PAMELA MOHER

6. More than thirty days prior to the institution of this lawsuit, Pamela Moher filed a Charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since on or about September 1, 1997, Defendant Employer has engaged in unlawful employment practices at its Cleveland, Ohio terminal, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

8. The practices include refusing to hire Pamela Moher, a qualified female applicant, who applied for the position of Truck Driver at Defendant's Cleveland, Ohio terminal.

9. The effect of the practice complained of in Paragraph 8 above has been to deprive Pamela Moher of equal employment opportunities and otherwise adversely affect her status as an applicant for employment, because of her sex, female.

10. The unlawful employment practice complained of in Paragraph 8 above was intentional.

11. The unlawful employment practice complained in Paragraph 8 was done with malice and/or with reckless indifference to the federally protected rights of Pamela Moher.

## COUNT II

### FAILURE TO HIRE FEMALES AS A CLASS

12. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 11, herein above.

13. Since at least January 1, 1998, Defendant Employer has engaged in unlawful employment practices at its Cleveland, Columbus, Cincinnati and Toledo terminals in the State of Ohio, in violation of Sections 703(a) and 707 (a) of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-6. The practices include:

   a. refusing to hire females as a class for the position of Truck Driver, because of their sex, female; and

   b. refusing to hire females as a class for the position of Dockworker, because of their sex, female.

14. The effect of the practices complained of in Paragraph 13 above has

been to deprive females of equal employment opportunities and otherwise adversely affect their status as applicants for employment, because of their sex, female.

15. The unlawful employment practices complained of in Paragraph 13 above were intentional.

16. The unlawful employment practices complained of in Paragraph 13 were done with malice and/or with reckless indifference to the federally protected rights of the female class members.

## COUNT III

## RECORDKEEPING VIOLATIONS

17. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 16, herein above.

18. Since at least January 1, 1998, Defendant Employer has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

19. The unlawful employment practice complained of in Paragraph18 above was intentional.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in the failure to hire and any other employment practice which discriminates on

the basis of sex, female.

  B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for females and males alike, and which eradicate the effects of its past and present unlawful employment practices.

  C.  Order Defendant Employer to make whole Pamela Moher, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, an offer of employment and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D.  Order Defendant Employer to make whole the class of female applicants who were denied employment because of their sex, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, offers of employment and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  E.  Order Defendant Employer to make whole Pamela Moher, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practice described in Paragraph 8 above, in amounts to be determined at trial.

  F.  Order Defendant Employer to make whole the class of females by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in Paragraph 13 above, in amounts to be determined at trial.

  G.  Order Defendant Employer to make whole Pamela Moher, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practice described in Paragraph 8 above, in amounts to be determined at

trial.

H.     Order Defendant Employer to make whole the class of females by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraph 13 above, in amounts to be determined at trial.

I.     Order Defendant Employer to pay a class of females punitive damages for its malicious and reckless conduct described in Paragraph 13 above, in amounts to be determined at trial.

J.     Order Defendant Employer to pay Pamela Moher punitive damages for its malicious and reckless conduct described in Paragraph 8 above, in amounts to be determined at trial.

K.     Order Defendant Employer to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

L.     Grant such further relief as the Court deems necessary and proper in the public interest.

M.     Award the Commission its costs of this Action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C.

*Jacqueline McNair* /cfw

Jacqueline McNair
Regional Attorney
Philadelphia District Office
Philadelphia, PA 19106

*C. Larry Watson*

C. Larry Watson
Associate Regional Attorney
Registration No. 0031443
larry.watson@eeoc.gov

*Lawrence Mays*

Lawrence Mays
Supervisory Trial Attorney
Registration No. 0038288
Lawrence.mays@eeoc.gov

Equal Employment Opportunity Commission
Cleveland Field Office
Anthony J. Celebrezze Federal Building
1240 East Ninth Street, Suite 3001
Cleveland, Ohio 44199
(216) 522-4796