IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
EQUAL EMPLOYMENT                            : CASE NO.  1:06 CV 0747
OPPORTUNITY COMMISSION, et al.,    :
                                                                    :
                                              Plaintiffs    :
                                                                    : ORDER GRANTING PARTY
                       -vs-                                 : INTERVENTION PURSUANT TO RULE
                                                                    : 24(a)(1).
                                                                    :
PITT-OHIO EXPRESS, INC.,                       :
                                                                    :
                                              Defendant
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Pamela J. Moher ("Ms. Moher") motions the Court to intervene, pursuant to Fed. R. Civ. P. 24(a)(1) in the above-styled Title VII employment discrimination action brought against defendant trucking company, Pitt-Ohio Express, Inc. ("Pitt-Ohio") by the Equal Employment Opportunity Commission ("EEOC").  (Docket No. 5).  Pitt-Ohio submitted an untimely response in which it opposed only Ms. Moher's right to "assert independent actions under Title VII and an Ohio law class action."  (Docket No. 10, p. 3).  Ms. Mohrer filed a brief in reply.  (Docket No. 12).  The EEOC has filed no objection to the plaintiff-intervenor's motion.

For the reasons set forth below, the Court recognizes Ms. Mohrer's unopposed right to intervene in the EEOC's Title VII action and her assertion of an Ohio state law claim on her own behalf. Further, the Court finds Ms. Mohrer may posit an independent action under Title VII. Finally, Ms. Mohrer may intervene to assert an Ohio law class action, the scope and certification of which shall be determined by the Court through further proceedings.

Still in its nascent stage, this EEOC promulgated matter, evolved from a timely filed charge of sex discrimination by Ms. Mohrer against Pitt-Ohio. As it is currently fashioned, the EEOC suit alleges, pursuant to 42 U.S.C. §2000e-5 & 6, a pattern and practice of gender discrimination by Pitt-Ohio in the employment opportunities it affords women seeking positions with the company as truck drivers and dockworkers. (Docket No. 1). In seeking an intervention as of right, pursuant to Rule 24(a)(1), Ms. Mohrer claims relief under Title VII and Ohio Revised Code ("ORC") § 4112.99, for herself and for a putative class of,

> All females who meet or exceed Pitt-Ohio's minimum requirements for Truck Driver and/or Dockworker, who applied for employment at Pitt-Ohio in Ohio as a Truck Driver and/or Dockworker at any time during the period of liability, or who would have applied except for the futility of doing so.

(Docket No. 5-2).

Rule 24(a)(1) of the Federal Rules of Civil Procedure provides "[u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene." See Fed. R. Civ. Pro. 24(a)(1); see also E.E.O.C. v. Occidental Life Ins. Co. of Cal., 535 F.2d 533, 542 (9th Cir.1976). Title VII provides that "the person or persons aggrieved shall have the right

to intervene in a civil action brought by the [EEOC]." See 42 U.S.C. § 2000e-5(f)(1).

On its face, U.S.C. § 2000e-5(f)(1) grants to Ms. Mohrer the right to intervene in this action. The right to intervene, however, is not coextensive with the assertion of additional claims. Thus, the narrow issues before the court concern the appropriate scope of Ms. Mohrer's intervention and whether the complaint asserts cognizable claims for which she has standing.

A review of the EEOC's complaint in this matter (Docket No. 1), indicates that Ms. Mohrer's complaint in intervention parallels Count I of the government's charge, alleging Pitt-Ohio's violations of Title VII when they engaged in a pattern and practice of gender discrimination in their hiring decision with regard to Ms. Mohrer. Count II of the Commission's complaint alleges employment practices in violation of Title VII against females as a class, a claim reiterated by Ms. Mohrer in her complaint in intervention for both her federal and state claims. (Mohrer Compl. ¶¶ 12-14).

As to the viability of Ms. Mohrer's independent Title VII action, Pitt-Ohio's reliance upon McClain v. Wagner Electric Corp., 550 F.2d 1115, 1119 (8th Cir. 1977) and Franklin v. General Elec. Co., 15 Fair Empl. Prac. Cas. (BNA) 1084, 1085-86 (W.D. Va. 1977) is anathema. Neither McClain nor Franklin suggest that a plaintiff-intervenor may not intervene to maintain an independent claim under Title VII; instead, the cases stand for the proposition that the independent Title VII action is constrained by the scope of the EEOC investigation. See Sanchez v. Standard Brands, 431 F. 2d 455 (5th Cir. 1970) (limiting the scope of the civil action to the scope of the EEOC investigation). Reaching beyond the bounds of the EEOC investigation is not an issue in this intervention.

Ms. Mohrer's complaint in intervention does reach beyond the EEOC complaint by alleging a state law claim, pursuant to §4112.99.  Pitt-Ohio has, specifically, not objected to that claim.  (Mohrer Compl. ¶¶ 25-31; Docket No. 10, p. 3).  The Court may exercise supplemental jurisdiction over Ms. Mohrer's state law claim pursuant to 28 U.S.C. § 1367, which provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  To determine whether it has the constitutional power to hear a pendant state law claim, the Court must find that the pendant state claim and the federal claim "derive from a common nucleus of operative fact."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).  In the instant case, the Court finds that Ms. Mohrer's state law claim derives from the same facts relating to Pitt-Ohio's alleged employment practices that comprise the basis for the federal claim under Title VII.  The Court also finds that pendant jurisdiction in this case would not violate any federal policy that specifically limits the scope of federal jurisdiction.  Finally, the Court finds that hearing Ms. Mohrer's state law claim along with the Title VII claim would serve the interests of judicial economy.

 Ms. Mohrer's state law claim posits a separate temporal scope for Pitt-Ohio's alleged discrimination and prays for relief unavailable in the federal claim.  Those state distinctions raise the question of class membership in Ms. Mohrer's complaint as intervenor for "others similarly situated." (Docket No. 5).  Nevertheless, the determination of whether that state class, along with the potential relief available, is substantially equivalent to the federal class must await further proceedings, subsequent

4

to the Courts "rigorous analysis," as to class scope and certification.  General Telephone v. Falcone, 457 U.S. 147, 161 (1982)

Accordingly, the Court grants Ms. Mohrer's "Motion to Intervene of Plaintiff-Intervenor and Others Similarly Situated."

IT IS SO ORDERED.

                                                  /s/Lesley Wells
                                        UNITED STATES DISTRICT JUDGE

Dated: 8 August 2006