IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No.: 1:2006 cv 00747 |
| | ) | |
| | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | |
| | ) | |
| PITT-OHIO EXPRESS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT DECREE

Introduction

1.     This action was instituted by the U.S. Equal Employment Opportunity

Commission ("EEOC" or "Commission") on March 31, 2006, against Pitt Ohio Express, LLC

("Pitt Ohio") to enforce provisions of Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e et seq., including the Civil Rights Act of 1991 ("Title VII"). The Commission

alleged that Pitt Ohio discriminated against Pamela Moher ("Moher") when it failed to hire her

based on her sex, that since September 1, 1997 it discriminated against women in failing to hire

them in driver and dockworker positions in its Ohio terminals and engaged in recordkeeping

violations. Pitt Ohio denies all of these allegations.

2.     This Consent Decree ("Decree") resolves all claims and issues raised in

EEOC's Complaint in Civil Action No. 06-cv-00747 (LW).

## Findings

3.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record and stipulations of the parties, but without trial or adjudication of any issues of fact or law raised by EEOC's Complaint the Court finds: (1) it has jurisdiction of the parties and subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345 and 1367; (2) the terms of this Decree are fair, reasonable, equitable and just, and adequately protect the rights of the parties and the public interest; and (3) this Decree is entered into pursuant to Title VII and the provisions of Title VII will be carried out by implementation of this Decree.

IT IS THEREFORE ORDERED AND DECREED:

4.      This Court has jurisdiction over the parties and the subject matter of this action.

5.      This Court hereby orders and decrees that neither this Decree nor the fact of a settlement are an admission or concession by Pitt Ohio of any violation of Title VII or of any liability or wrongdoing whatsoever.

6.      Nothing in this Consent Decree is intended to or shall be construed to limit the rights of any Claimant or the EEOC to bring an action based on or arising out of events occurring after the date of Approval, or bring an action against any company or entity other than Pitt Ohio, or the EEOC to bring an action not covered by EEOC's Complaint in this case.

7.      Pitt Ohio, its officers, agents, employees and all others in active concert with them are enjoined from discriminating in hiring based on sex in violation of Title VII against female applicants for driver and dockworker positions in its Ohio terminals, and from

failing to create and maintain records as required by Title VII or regulations issued pursuant to Title VII.

        8.      Pitt Ohio, it's officers, agents, employees and all others in active concert with them shall not retaliate against any female applicants for driver and dockworker positions at its Ohio terminals for participating in this proceeding or otherwise asserting any rights under Title VII in this proceeding.

## Monetary Relief

        9.      In settlement of this action, Pitt Ohio shall pay a total of 2.430 million dollars ($2,430,000), to be distributed amongst Claimants (described in Paragraph 11 below) ("Claim Fund").

        10.      In accordance with the terms of the Settlement Agreement, entered into between Moher and Pitt Ohio, Pitt Ohio will pay the amount specified therein in resolution of Moher's claims. This payment shall be apart and not made from the Claim Fund, and shall be in the nature of compensatory damages and attorney's fees, as specified in the Settlement Agreement. Moher's counsel will provide EEOC a copy of the check and Form 1099 concurrent with providing them to Moher. Moher also will be paid an additional payment from the Claim Fund under the process and in the amount allocated to an Offer Eligible Claimant, as specified in paragraph 14 below, and will be provided a Form 1099 regarding this additional payment according to paragraph 15 below. No additional Release, Questionnaire or Claim Form will be required regarding this additional payment to Moher.

        11.      "Claimants" are those women, other than Moher, whom EEOC determines applied for, but were not hired for, driver and/or dockworker positions at Pitt Ohio's

Cleveland, Columbus, Cincinnati or Toledo terminals between September 1, 1997 and 19 October, 2008. Based on the submitted claim forms, including information received in questionnaires, the EEOC will, in its sole discretion, determine how much each Claimant shall receive from the Claim Fund and which Claimants are Offer Eligible (Section 19). These determinations will be made by EEOC in view of the Claimants' applications, experience, qualifications and credentials.

12.     No later than 30 days after preliminary approval of this Consent Decree, EEOC shall provide notice of the proposed Consent Decree to each Claimant, in a form approved by the Court (Exhibit A), describing the terms of the proposed Consent Decree and requesting that each Claimant  provide or update their previously provided information. The Claimant's information must include (a) whether she still is interested in employment with Pitt Ohio in a driver or dockworker position; (b) a listing of her current qualifications and qualifications at time of application,  for driver and dockworker; and (c) which, if any, of the Ohio terminals of Pitt Ohio at which she will accept employment, together with a claim form, release and questionnaire.

13.     Within sixty (60) days of such notification, or 90 days from the date the notice, release, claim form and questionnaire were initially mailed, whichever is earlier, each Claimant shall provide EEOC a completed Questionnaire, Claim Form and fully executed release of her claim of hiring discrimination under Title VII as raised in this Complaint. Any Claimant who does not provide a Questionnaire, Claim Form and fully executed release to EEOC by the deadline shall forfeit her share of the Claim Fund. This forfeited share will be reallocated at the sole discretion of EEOC to one or more of those Claimants who have fully executed a release and submitted a Claim Form and Questionnaire.

14.   Within thirty (30) days of final approval of the Consent Decree, Defendant shall deposit the sum of 2.430 million dollars ($2,430,000) in a financial institution, which sum will be the Claim Fund. The EEOC will retain a firm to administer the Claim Fund as a Qualified Settlement Fund. Within sixty (60) days of receipt of all executed Claimant releases, Claim Forms and Questionnaires or of final approval of the Consent Decree if approved after receipt of releases, Claim forms and Questionnaires, EEOC shall provide the Claim Fund all such releases and an itemization of the amount that each Claimant is to receive from the Claim Fund. Within ten (10) days of receipt of the releases and the itemization from EEOC, the Claim Fund shall provide the releases to Defendant and shall distribute to Claimants by certified mail with return receipt, at the addresses provided by EEOC, the portion of the Claim Fund specified by EEOC which will be no less than $1,000 for Claimants submitting a valid claim and no less than $20,000 for each Offer Eligible Claimant (Section 19 below). Each payment by the Claim Fund shall be accompanied by documentation showing the name of the Claimant, the gross amount paid, any deductions or adjustments, and any net amount paid and be simultaneously provided to EEOC.

15.   The payments to Claimants are for compensatory damages. Based on the lack of any prior employment relationship between Pitt Ohio and the Claimants, the absence of any adjudication of issues raised in the Complaint and Pitt Ohio's payment to the Claim Fund according to the procedures herein as a step in resolving all claims and issues, each Claimant, to whom a payment was made will be provided by the Claim Fund, an IRS Form 1099-MISC for the year in which payment is made, as required by law, directed to the same address to which the check was sent.

16.     If any Claimant has died or dies before issuance of or depositing or cashing of her check, the estate, personal representative or heir(s) of that person shall receive the payment that the deceased Claimant otherwise would have received.

17.     If any check to a Claimant is returned undelivered or refused, the Claim Fund will promptly notify EEOC in writing, making available to it the envelope or a copy of the envelope in which the check was mailed and any explanation of non-delivery from the U.S. Postal Service including certified mail return receipt. EEOC shall make further reasonable steps to provide those Claimants' updated addresses to the Claim Fund for a second payment delivery attempt. In the event re-delivery cannot be made or is refused, the Claim Fund shall notify EEOC.

18.     If the Claim Fund has been unable to deliver a check to a Claimant as provided above, or a delivered check is not cashed within 30 days of delivery, then the amount attempted to be paid to that Claimant shall be deemed forfeited and will be reallocated to one or more Claimants, including Moher, in EEOC's discretion.

Nonmonetary Relief

19.     An "Offer Eligible Claimant" is a Claimant whom EEOC determines was not hired for the position at Pitt Ohio for which she applied, but who is qualified under the current hiring criteria for driver or dockworker positions supplied by Pitt Ohio, and remains interested in employment as a driver and/or dockworker with Pitt Ohio.

20.     Pitt Ohio has provided EEOC the current hiring criteria for its driver and dockworker positions in its Ohio terminals, which are:  Class A Linehaul Driver; Class A Local

Driver; Class B Driver; Sprinter Driver; FT Dockworker; and PT Dockworker. Pitt Ohio will provide any updates or changes to these hiring criteria during the term of the Decree.

21.     Based on information received in response to EEOC's notice above and other available information, EEOC will determine which Claimants are Offer Eligible.

22.     Within 60 days after the entry of this Decree, EEOC shall provide Pitt Ohio the name of each Offer Eligible Claimant who has expressed interest in employment with Pitt Ohio and whom it contends should receive "priority hiring consideration" as defined in paragraph 23, and at the same time it will provide Pitt Ohio the current qualifications information received from each such Offer Eligible Claimant.

23.     As used herein, "priority hiring consideration" refers to Pitt Ohio's obligation to make employment offers for driver and dockworker positions to Offer Eligible Claimants who meet the hiring criteria in effect for such positions at the time the offer for such position would be made.

24.     To the extent Pitt Ohio disagrees with those identified by EEOC to receive "priority hiring consideration," it will notify the EEOC within 10 days. Pitt Ohio and the EEOC agree to use their best efforts to resolve any dispute as to whether an Offer Eligible Claimant meets the then applicable hiring criteria. Unresolved disputes in this regard shall be resolved through the dispute resolution procedure in paragraph 44.

25.     Absent disagreement or once any disagreement about whether an Offer Eligible Claimant should receive "priority hiring consideration" has been resolved, such Offer Eligible Claimant entitled to "priority hiring consideration" shall be placed on a "Job Offer List" according to her stated Ohio terminal preference for employment.

26.    When a job vacancy for a driver or dockworker position becomes available at an Ohio terminal, Pitt Ohio will consult the Job Offer List for that terminal, invite as many Offer Eligible Claimants to interview as it deems appropriate and make offers of employment to Offer Eligible Claimants on the Job Offer List before considering the application of any other person.

27.    Pitt Ohio may require each Offer Eligible Claimant to interview to verify her qualifications for a job vacancy for a driver or dockworker position.  If with respect to a vacancy an Offer Eligible Claimant fails to respond by the close of the business day after receipt of a request for interview or to be available for an interview within two business days after responding to an interview request, such failure shall be deemed no response and Pitt Ohio shall have no further obligation to consider that Offer Eligible Claimant for a job vacancy, unless for the particular vacancy another Offer Eligible Claimant is hired, in which event the Offer Eligible Claimant who failed to respond or be available in accordance with this paragraph shall be entitled to an additional opportunity with respect to a vacancy before Pitt Ohio's obligation to consider her may be deemed extinguished.

28.    An Offer Eligible Claimant will have three business days from receipt of an offer to accept the job offer.  Offer Eligible Claimants who receive job offers, but decline them shall be removed from the Job Offer List and Pitt Ohio will have no further obligation to offer employment to them pursuant to the "priority hiring consideration" provisions of this Decree.

29.    The "priority hiring consideration" provisions of this Decree shall not require Pitt Ohio to violate any applicable law, order, ordinance or regulation.

30.     Pursuant to these "priority hiring consideration" provisions, Pitt Ohio shall extend at least 40 offers of employment, 26 for driver positions and 14 for dockworker positions. If at least 30 hires do not result from the initial offers, EEOC will provide Pitt Ohio the names of additional Offer Eligible Claimants and Pitt Ohio shall in good faith make additional offers until 30 hires are achieved or until the termination of this Decree, whichever is earlier.

31.     Each Offer Eligible Claimant hired pursuant to the "priority hiring consideration" provisions will receive "rightful place instatement." "Rightful place instatement" shall mean that, when an Offer Eligible Claimant is hired into a driver or dockworker position, she shall be hired into the vacant position at the then existing hiring rate for the position with seniority rights and accompanying benefits, based on the position and her earlier date of application. Rightful place instatement shall not extend to bumping Pitt Ohio employees who occupy jobs, displacement of drivers from current route and shift assignments, or vacation preference rights.

32.     Pitt Ohio will appoint from its human resources department an ombudsperson to resolve informally issues arising from or which result from women entering driver and/or dockworker positions pursuant to the terms of this Decree. To the extent necessary, Pitt Ohio will issue procedures for submission and handling of issues by the ombudsperson. The ombudsperson will not be the person in the human resources department responsible for responding to EEO charges or other EEO compliance.

33.     In order to receive monetary relief pursuant to the terms of this Decree, each Payment Eligible Claimant and Offer Eligible Claimant must submit a claim, a Questionnaire, and execute a release in the form approved by the Court (Exhibit B), which must be sent as provided in the notice to Claimants after being approved by the Court.

## Training

34.    Within 30 days after the date of this Decree, Pitt Ohio shall provide a training proposal to EEOC for approval. The proposal shall include: format of the training; name(s) and qualifications of the instructor(s); content and topics to be covered; length of the program; and estimated training dates and locations. The training shall include at least the following topics: Title VII recordkeeping requirements (retention requirements, prohibition against destruction of records, etc.); hiring practices and procedures which comply with Title VII; the interview process and types of questions to be asked of applicants; and personnel policies and procedures which comply with Title VII.

35.    Pitt Ohio shall conduct EEO training to be attended by its executives, managers, supervisors, human resources staff and recruiters from its corporate headquarters and Ohio terminals, and any other employees at corporate headquarters and the Ohio terminals coming in direct contact with prospective applicants or involved in the recruitment, selection and hiring process. This training shall be completed within 90 days of the date of this Decree.

36.    Pitt Ohio shall train all newly-hired and newly-promoted management or supervisory staff, and other staff involved in the application and hiring process at its corporate headquarters or Ohio terminals on equal employment opportunity law, including the topics listed in paragraphs 34, within 90 days after their hire, promotion or transfer for the duration of this Agreement. To satisfy this requirement, Pitt Ohio may substitute viewing of a video presentation of the original training session, provided a qualified trainer attends to answer questions.

37.    Pitt Ohio shall be responsible for the cost of training it conducts under this Agreement subject to other terms of this Agreement. All personnel to be trained shall attend the

training sessions and Pitt Ohio shall retain the registry of attendance for the duration of this
Agreement.

## Management Accountability

38.     In addition to the steps of training and appointment of an ombudsperson,
identified elsewhere in this Decree, Pitt Ohio will help assure management and supervisory
accountability in effecting the terms of this Decree in its Ohio facilities by:

a.     directing managers and supervisors to carry out their supervisory
responsibilities so as to achieve compliance with Pitt Ohio's policy
or policies prohibiting unlawful employment discrimination and/or
retaliation;

b.     taking corrective action, which may include discipline up to and
including discharge of any supervisor or manager who violates Pitt
Ohio's policy or policies prohibiting unlawful employment
discrimination or retaliation;

c.     directing managers and supervisors to report incidents of unlawful
discrimination and/or retaliation to Pitt Ohio's human resources
group.

39.     Pitt Ohio will incorporate into the performance evaluations of its
supervisors and managers an equal opportunity component.

## Notice Posting

40.     Within 14 days after the date of this Decree, Pitt Ohio shall post the
Notice attached as Exhibit C at its Ohio terminals and corporate headquarters, and keep it upon
those premises in places where bulletins and notices to employees and applicants for
employment customarily are posted.  Such Notice shall remain for the five-year duration of this
Decree.  If such Notice becomes defaced, marred or otherwise unreadable, Pitt Ohio will ensure
that new readable copies are posted in the same manner as heretofore specified.

### Reporting Requirements

41.   The following is a summary of the interim reports required by this

Agreement:

        a.    training proposal under paragraph 34 due within 30 days after the date of this Decree;

        b.    certification of training pursuant to paragraphs 35 and 36, including name, job title and location of each participant, and copies of materials distributed to participants, within 30 days after completion of training;

        c.    certification as to the notice posting under paragraph 40 within 30 days after the date of this Decree; and,

        d.    certification of compliance with paragraph 39

42.   With the first reporting period starting on the first day of the month immediately after the date of this Decree, Pitt Ohio shall submit to the EEOC's Cleveland Field Office a written report for each preceding six-month period for three years and then for each preceding one-year period for the remaining term of the Agreement, regarding recruitment and hiring of women in driver and dockworker positions in Ohio, which shall include:

        a.    for each Ohio terminal for the reporting period, a list of driver and dockworker hires, including name, sex, date of hire, job title, rate of pay, and status as full-time or part-time employee;

        b.    for each Ohio terminal for the reporting period, a list of the names of driver and dockworker applicants, their sex, and for each their address, social security number (if available), job applied for, date of application and an indication of the status of the applicant (i.e., hired or disposition code information); and

        c.    for each Ohio terminal, copies of the applicant logs for the preceding reporting period.

43.   On the same reporting basis as paragraph 42, Pitt Ohio shall provide copies or documentation of any employment offers made to Offer Eligible Claimants pursuant to the "priority hiring consideration" provisions of this Decree and shall provide the following

information: date of offer; position offered, full or part-time status of the position offered; hiring

wage rate; geographic location of position; whether the offer was accepted or rejected by the

Offer Eligible Claimant; and the reason for rejection, if known.

## Dispute Resolution

44.     In the event a party to this Decree believes another party has failed to

comply with any provision of it, the complaining party shall notify the other party or parties in

writing of the specific provision or provisions with which compliance allegedly has not occurred

and the facts forming the basis of the alleged non-compliance. Upon receipt of such notice, the

alleged non-complying part shall have 30 days to remedy the alleged non-compliance or satisfy

the complaining party that the alleged non-complying party has complied. If the alleged non-

complying party has not remedied the alleged non-compliance or satisfied the complaining party

that it has complied within 30 days, the complaining party may submit the matter to Niki

Schwartz for disposition according to procedures he shall determine. Pitt Ohio shall pay the

costs of Mediator Niki Schwartz for any such procedures where it is the alleged non-complying

party, unless he shall determine to the contrary for reasons he must specify. The foregoing is

subject to the proviso that EEOC may proceed directly to court in situations where it believes the

delay attendant to the notice and referral to Niki Schwartz may cause harm to EEOC's or

Claimant interests.

## Miscellaneous Provisions

45.     Each party to this Decree shall bear its own expenses, costs and attorneys'

fees, subject to the terms of this Decree.

46.     The terms of this Decree are and shall be binding upon Pitt Ohio, its

officers, agents, employees and all others in active concert with them. Pitt Ohio will provide

prior written notice to any potential purchaser of its business, or of some or all of its assets, and to any potential successor of this action, EEOC's complaint and this Decree. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event any individual is found in contempt for a violation of this Decree.

47.     This Decree shall be filed in the United States District Court for the Northern District of Ohio and shall continue in effect for five years. During this time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes.

48.     EEOC may review Pitt Ohio's compliance with this Decree at reasonable times and upon reasonable notice through inspection of Pitt Ohio's Ohio terminals and/or **headquarters, and by reviewing or copying documents or electronic information, and/or by** interviewing witnesses.

49.     Pitt-Ohio will cooperate with EEOC to facilitate notice to the Claimants after preliminary approval of the Consent Decree and in preparation for a Fairness Hearing, and any other procedures necessary to obtain final approval and entry of the Consent Decree.

Dated:   19 October 2008

_____
UNITED STATES DISTRICT JUDGE

-14-

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No.:   1:2006 cv 00747 |
| | ) | |
| and | ) | JUDGE LESLEY  WELLS |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PITT OHIO EXPRESS, LLC. | ) | |
| | ) | |
| *Defendant.* | ) | **NOTICE OF PROPOSED CONSENT DECREE** |
| | ) | **AND FAIRNESS HEARING** |
| | ) | |
| | ) | |

**TO:**   **All women, who applied for employment at any of Pitt Ohio's terminals in Ohio (Cleveland, Columbus, Cincinnati and Toledo) as a Truck Driver and/or Dockworker at any time between September 1, 1997, and  19 October, 2008 and who were not offered a position.**

### PLEASE READ THIS ENTIRE NOTICE CAREFULLY
### YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LAWSUIT.

EEOC and Pitt-Ohio have agreed to resolve this case with a Consent Decree on behalf the group of women that includes you (the "Claimants" identified above).  The proposed Consent Decree will not become final unless the Court approves it as fair, reasonable and in the public interest. This Notice explains the terms of the Consent Decree and how it may affect you.  This Notice tells you how and when the Court will decide whether to approve the Consent Decree, and how to "object to" (legally challenge) the Consent Decree.   It also tells you how to get more information and how to file your claim for a monetary payment of at least $1,000.

### What EEOC's Lawsuit Is About

This lawsuit was filed by the Equal Employment Opportunity Commission ("EEOC"). Following investigation of a charge and an unsuccessful settlement effort, EEOC filed suit and alleged that Pitt Ohio did not hire the Charging Party or offer her a Truck Driver or Dockworker position and did not hire or offer positions to other female applicants.  The EEOC claims that Pitt Ohio engaged in a pattern or practice of failing and refusing to hire qualified female applicants as

Truck Drivers or Dockworkers because of their gender at its terminals in Ohio. Pitt Ohio denies these allegations, and further denies any liability or wrongdoing. It has given up none of its defenses.

EEOC conducted a detailed investigation of the facts. EEOC extensively reviewed the available documentation, including applications, and other Pitt Ohio documents, and has analyzed the hiring data.

The EEOC and Pitt Ohio have agreed on the proposed Consent Decree described in this Notice, and submitted it to the Court for approval. EEOC believes that this Consent Decree is advantageous to the parties, to the women above (the "Claimants") and in the public interest, more so than continuing to litigate this case through trial, which would be expensive and would likely take several more years with no guarantee of success. The Consent Decree provides substantial benefits to the Claimants relatively quickly, and EEOC recommends its approval.

Although Pitt Ohio has denied and denies any wrongdoing or liability in this case, and has given up none of its defenses, it has agreed to settle this case on the terms explained in this Notice in order to avoid the burden of an expensive and time-consuming lawsuit with an uncertain outcome. The Court has not decided whether EEOC would win this case or whether Pitt Ohio has a valid defense to the claims made in this case. This Notice does not mean that the Court has decided that Pitt Ohio has violated any federal or state law. This Notice is not an opinion one way or the other about your chances of recovering anything in this lawsuit if the lawsuit is not settled.

Summary of Consent Decree Terms

*(This is only a summary. The complete terms of the proposed Consent Decree are in the Consent Decree itself. A copy of the Consent Decree has been filed with the Court and also is available at http://www.eeoc.gov/consent_pitt-ohio.)*

EEOC and Pitt Ohio have agreed upon a proposed Consent Decree to resolve this case without a trial. The proposed Consent Decree is subject to Court's review, including preliminary and final approval.

The Consent Decree provides substantial benefits, which are described on the next two pages, to every Claimant who presents a valid claim. As explained below, the Consent Decree provides for a payment to each Claimant presenting a valid claim based upon an application for employment with Pitt Ohio as a Truck Driver or Dockworker in a specified time period, and additional payments to Claimants evaluated by EEOC to be "Offer Eligible" after completion of the claims process.

If you wish to be considered for relief as a Claimant or as an Offer Eligible Claimant, you must complete and return the claim and release forms included with this Notice and have your qualifications reviewed by EEOC in accordance with the claims process described in this Notice. Whether or not a Claimant is evaluated to be Offer Eligible will not affect their right to receive monetary relief as a Claimant, described in this Notice.

## Consent Decree Benefits For All Claimants

- The Consent Decree enjoins Pitt Ohio from discriminating against female applicants based on their gender in its hiring of drivers and/or dockworkers at any of its facilities in Ohio. In addition, the Consent Decree provides relief to female applicants for Truck Driver and/or Dockworker positions in Pitt Ohio's Ohio facilities, who were not hired by Pitt Ohio from September 1, 1997, through 19 October, 2008.

- For each of the next five years following final approval of the Consent Decree, Pitt Ohio will maintain data, provide reports directly to the EEOC and be subject to court oversight. Certain disputes will be subject to referral to an ombudsperson. Other disputes on compliance with the Consent Decree will be subject to mediation and court proceedings if necessary.

- As a part of Consent Decree, Pitt Ohio agrees not to retaliate against any Claimant based upon her involvement in the Consent Decree process.

- Pitt Ohio agrees to offer at least 40 positions at its Ohio facilities, and hire no less than 30 Offer Eligible Claimants, designated by the EEOC following the claims process. The positions will be split 1/3 Dockworker and 2/3 Truck Driver in filling positions, and will include rightful place seniority. The Offer Eligible Claimants will be designated as promptly as possible following the final date for filing claims under the Consent Decree.

- The Pitt Ohio Claim Fund will pay each Claimant who submits a valid claim to EEOC not less than $1,000, and each Offer Eligible Claimant not less than $20,000. The exact amount of each payment to each Claimant will depend on the number of valid claims filed and the number of persons interested in and evaluated as meeting all hiring criteria for Offer Eligible Claimants.

- In the event some payments can't be delivered or are not cashed, the EEOC, in its discretion, will re-allocate those payments amongst the Claimants consistent with paragraph 18 of the Consent Decree. Claimants who filed timely claims will be eligible to receive additional money in this re-allocation process.

## Additional Benefit for the Offer Eligible Claimants

Claimants determined to be Offer Eligible will receive their job offers from Pitt Ohio based on vacancies occurring in Truck Driver or Dockworker positions in Pitt Ohio's Ohio facilities. Upon hire, the Offer Eligible Claimant will receive a hire date and, for certain purposes seniority consistent with the date of the next vacancy filled following her date of original application to Pitt Ohio. Any payment allocated to an Offer Eligible Claimant will be made consistent with the determinations of EEOC.

## Releases

If the Court approves the Consent Decree, all Claimants will be required to sign a written release in order to receive their payment. Claimants who sign their releases, give up any

right to sue Pitt Ohio under Title VII of the Civil Rights Act of 1964 for gender discrimination at any time in the past, up to 19 October, 2008 related to hiring. This includes rights to sue Pitt Ohio for all relief for gender discrimination in hiring under Title VII, including back pay, front pay, further compensatory damages and punitive damages.

**Under the Consent Decree, Settlement Class members do not release any legal claim that is not related to Pitt Ohio's gender discrimination under Title VII in hiring practices and policies that were challenged in the law suit.**

If the Court grants final approval to Consent Decree, it will enter an order of final approval in this case. This will include equitable and other injunctive relief and include all Claimants, and the monetary relief described in this notice to those Claimants who file a valid claim and sign their release.

<u>What Happens Next</u>

To approve the Consent Decree, the Court must decide that the terms of the Consent Decree are fair, reasonable and in the public interest. If it is approved by the Court, the Consent Decree will be binding on EEOC and Pitt Ohio and you do not have to do anything in order to receive the benefits you are entitled to under the Consent Decree, other than file your claim and Questionnaire with EEOC and execute a release. However, if the Court does not approve the Consent Decree, it will not go into effect and the lawsuit will continue.

<u>Schedule and Location of Fairness Hearing</u>

The Fairness Hearing will be held before Judge Lesley Brooks Wells at [Time] on **[Date]** in Courtroom **[number]** of the United States Courthouse, **[Address]**, Ohio. **You may attend the fairness hearing if you wish, but you do not have to attend.** You also have the right to hire your own lawyer and enter an appearance in this case. **However, if you wish to speak at the Fairness Hearing, you must give notice to EEOC at the following address no later than 18 December, 2008:**

**EEOC Cleveland Field Office**
**AJC Building, Room 3001**
**1240 East Ninth Street**
**Cleveland, Ohio 4419**
**Attn: Pitt Ohio Fairness Hearing**

Objections

i. who may object

Any Claimant may "object to" (legally challenge) any aspect of the Consent Decree. The Court will consider your objections when it decides whether or not to approve the Consent Decree. Unless the parties agree, the Court cannot modify the Consent Decree, but can only approve or disapprove it in its entirety. The mere filing of an objection by a Claimant will not affect the right to receive compensation under this Consent Decree unless the Court determines not to

approve this Consent Decree.   EEOC and Pitt Ohio may make some agreed appropriate modifications of the Consent Decree based upon objections.

ii. Process for objecting

To object to the Consent Decree, you must send your written objections to EEOC at the address below. **Your objection must be received no later than 18 December, 2008.**

**EEOC Cleveland Field Office**
**AJC Building, Room 3001**
**1240 East Ninth Street**
**Cleveland, Ohio 4419**
**Attn: Pitt Ohio Objections**

EEOC will electronically file with the court any objections received within 5 business days of receipt.  Objections to the Consent Decree may also be filed with the Office of the Clerk, United States District Court for the Northern District of Ohio, Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland, Ohio 44113-1830 by 22 December, 2008. **Any Claimant who does not follow these procedures will not be allowed to be heard as to the fairness or reasonableness of the proposed Consent Decree at the Fairness Hearing.**

Issuing Payments:

*Claimants*

If the Court grants final approval of the Consent Decree, and if no objector obtains a stay and appeals the Court's decision, payments will be processed promptly after the Court's ruling becomes final and binding.  If you are entitled to receive money as a Claimant or as an Offer Eligible Claimant, you must provide the EEOC with an executed release.  To receive a check for your share of the settlement funds, you must sign and return the release form consistent with the Consent Decree.

The Claim Fund will mail you a check for your payment after it receives your signed release from EEOC following the final approval.  Your payment is for compensatory damages, including emotional distress and mental anguish, and not wages, since you have never had an employment relationship with Pitt Ohio.  Your gross amount is subject to income tax on any payment received, but no taxes will be withheld. The Claim Fund will send you a form 1099-MISC reporting the amounts actually paid.  You should consider whether you need to make estimated tax payments as a result of receiving the payments.

**You will have sixty (60) days from the date you receive the release form, or 90 days from the date the release form was initially mailed to you (whichever is earlier), to sign the release form and return it to the EEOC or you will give up your right to payment.**

## HOW TO GET MORE INFORMATION

The complete Consent Decree, this Notice, the Court-approved Release form and the current hiring criteria for Driver and Dock Worker jobs at Defendant's Ohio terminals are accessible for review at the website, below. All documents filed in this case, including the proposed Consent Decree, can be reviewed at the Office of the Clerk, United States District Court for the Northern District of Ohio, Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland, Ohio 44113-1830, during regular business hours, or through the Court's website http://www.ohnd.uscourts.gov/Electronic_Filing/electronic_filing.html. Please direct letters, phone calls, e-mail or other specific inquiries about the Consent Decree to EEOC, **not** to the Clerk's Office or the Court.

---

**EEOC CLEVELAND FIELD OFFICE**
**AJC BUILDING ROOM 3001**
**CLEVELAND, OHIO 44199**
**ATTN: PITT OHIO CONSENT DECREE**

**Information about the Consent Decree is available online at** http://www.eeoc.gov/consent/pitt-ohio/
**You may also call EEOC at 1-866-943-7677.**

---

*Please Do Not Contact the Judge or the Clerk of the Court*
*About the Consent Decree of this Case*

## EXHIBIT B

## CLASS MEMBER RELEASE

In consideration of my receipt of a court-approved monetary distribution from the Pitt Ohio Driver/Dockworker Sex Discrimination Claim Fund ("Claim Fund") in *Equal Employment Opportunity Commission v. Pitt Ohio Express, Inc.,* Case No. 1:06-cv-0747, pending in the U.S. District Court for the Northern District of Ohio, Eastern Division ("Litigation") and potentially being eligible to be placed on a job offer list in connection with settlement of the Litigation, I agree to be bound by the terms of this Release Agreement ("Agreement"), as follows:

LIMITED RELEASE OF CLAIMS AGAINST PITT OHIO EXPRESS, LLC

I hereby waive, release and discharge ("Release of Claims") Pitt Ohio Express, LLC ("Pitt Ohio"), including its officers, directors, subsidiaries, affiliates, predecessors, successors, fiduciaries, insurers, employees, agents and attorneys ("Released Parties") from any and all claims, known and unknown, for sex discrimination in failure to hire or employ me as a driver or dockworker under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), arising on or before 19 October, 2008. I understand that my release includes all claims for monetary damages, injunctive, declaratory or equitable relief, costs and attorneys' fees, arising under Title VII.

I understand that my release does not include other claims of discrimination such as for race, age or national origin discrimination, or claims arising under the Fair Labor Standards Act or the Employee Retirement Income Security Act.

TAX RESPONSIBILITY

I understand that I am fully and ultimately responsible for payment of all of my federal, state or local taxes, resulting from or attributable to the distribution I receive from the Claim Fund in the Litigation. Accordingly, I agree to pay all of my federal, state or local taxes, resulting from or attributable to the distribution I receive from the Claim Fund in the Litigation.

OTHER AGREEMENTS AND REPRESENTATIONS

Ownership of Claims. I represent and warrant that I have not assigned or transferred any claim I am purporting to release, nor have I attempted to do so.

Entire Agreement. This Agreement may not be modified, except by a writing signed by both me and an authorized Pitt Ohio attorney. I acknowledge that Pitt Ohio has made no representations or promises to me, other than those in this Agreement and in or referenced in the Consent Decree in the Litigation.

Successors and Assigns. This Agreement binds my heirs, administrators, representatives, executors, successors, and assigns.

Interpretation.  This Agreement shall be construed as a whole according to its fair meaning and shall be governed by federal law.

Knowing and Voluntary Waiver and Release of Claims.  I understand and agree that:

I am entering into this Agreement knowingly and voluntarily;

I understand the terms of this Agreement;

I have been and am being advised to consult with an attorney prior to signing this Agreement; and

I have had a sufficient amount of time to consider this Agreement before signing it.

**AGREED:**

_____

[SIGNATURE]

_____

[PRINT NAME]

_____

Date

EXHIBIT C

NOTICE TO ALL EMPLOYEES AND APPLICANTS FOR EMPLOYMENT AT PITT-OHIO

This notice to all Employees and Applicants is being posted as part of the remedy agreed to between the parties in settlement of an employment discrimination suit known as Equal Employment Opportunity Commission v. Pitt-Ohio Express, Civil Action No. 1:2006 CV 00747, filed in the United States District Court for the Northern District of Ohio. In its Complaint, EEOC alleged that Pitt-Ohio failed to hire women as truck drivers and dockworkers in its Ohio facilities since September, 1997 due to their gender. The case was resolved by entry of a Consent Decree which provides a monetary remedy to a class of women not hired as drivers and dockworkers, prohibits failure by Pitt-Ohio to hire women as drivers and dock workers due to their gender in its Ohio facilities and provides for hiring 30 class members as drivers and dock workers.

Federal law requires, among other things, that there be no discrimination against any employee or applicant for employment because of the employee's or applicant's sex.

It is the policy of Pitt-Ohio to consider and hire applicants without regard to sex. Pitt-Ohio and all of its related corporate entities encourage qualified women to apply for employment.

If you believe that you have been discriminated against because of your sex, you may contact the Equal Employment Opportunity Commission ("EEOC") at the following national toll-free number: 1-800-669-4000. If you have a TTY device for hearing impaired: TTY number is 1-800-669-6820. You may also contact the EEOC's Cleveland Field Office at the following number: (216)522-2001; TTY (216)522-8441.

**Pitt Ohio, Inc.**

Date:                              Company Representative:_____